## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6349 | **DATE** | 11/13/2001 |
| **CASE TITLE** | Karen Bell, et al. vs. U.S. EPA, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Defendant's motion in limine to exclude testimony, evidence or argument regarding back pay [doc.# 66] is denied. Defendant's motion in limine to exclude testimony regarding employment recommendations not submitted under the plaintiffs' application for promotion [doc. # 63] is granted, as to any such documents that the plaintiffs fail to establish were known to the decision makers when they made the promotion decision or are relevant on some other basis; and plaintiffs' motion in limine to limit expert analysis to data properly disclosed [doc.# 87-1] is provisionally denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | NOV 1 4 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 13 PM 3: 09 | 11/13/2001 date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAREN BELL, *et al.*, )
 ) No. 97 C 6349
Plaintiffs, )
 ) Magistrate Judge
v. ) Sidney I. Schenkier
 )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, *et al.*, )
 )
Defendant. )

MEMORANDUM OPINION AND ORDER

NOV 1 4 2001

By an order dated November 2, 2001, the Court granted defendant's motions in limine to exclude testimony, evidence or argument by or about the experiences of employees other than plaintiffs, and to exclude testimony regarding claims and evidence already rejected by this Court and the Seventh Circuit [doc. ## 64, 62], and ruled that it would take with the case defendant's motion in limine to exclude testimony, evidence or argument concerning plaintiffs' statistical evidence [doc. #65]. In this Memorandum Opinion and Order, the Court addresses the remaining three motions in limine filed by the parties.

I.

Defendant has filed a motion in limine to exclude testimony, evidence or argument regarding back pay [doc. # 66]. The premise of the defendant's motion is that back pay and related benefits are a form of equitable relief under Title VII, and thus are a matter for the trial judge, and not the jury, to decide. While defendants are correct in this statement of the law, *see Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500-501 (7th Cir. 2000), subsequent to the filing of this motion in limine, the parties have elected to proceed in this case by way of a bench trial. Accordingly, the

Court denies the defendant's motion as moot in light of this subsequent development, and thus we need not address plaintiffs' argument that the evidence concerning loss of back pay and other benefits are nonetheless admissible in a jury trial insofar as it may bear on a plaintiffs' claims of emotional distress.

## II.

Defendant has filed a motion in limine to exclude testimony regarding employment commendations not submitted with the plaintiffs' applications for promotion, or referred to during the interview process [doc. # 63]. The gist of defendant's motion is that any employment commendations, awards, favorable past performance evaluations or other related information (such as licenses) that were not before the decision makers cannot be relevant to the decision makers' intent in deciding not to select the plaintiffs for the positions they sought. In the defendant's words, any evidence "of which the selecting officials had *no knowledge* when they chose which employees would receive promotions . . . had no bearing on or relevance to the reasons why the selecting officials did not promote plaintiffs" (Def.'s Reply at 2) (emphasis in original). Defendant thus asserts that such evidence should be barred under Federal Rule of Evidence 401, as irrelevant, and under Federal Rule of Evidence 403, on the ground that any relevance of that evidence would be substantially outweighed by its unfair prejudice (Def.'s Mem. at 2; Def.'s Reply at 2).

In their response, the plaintiffs argue that the decision makers involved did not simply know what was before them in the promotion applications and interviews; they were also familiar with the candidates because they had supervised them and thus were aware of the "whole performance of the employee" when making their decisions (Pls.' Resp. at 1-2). The plaintiffs have submitted a document and deposition testimony suggesting that the decision makers considered all facts within

their personal knowledge regarding the candidates in making their decisions, not only the materials submitted by the candidates (Pls.' Resp. at 1-2, citing Ex. A, B and C). Consequently, plaintiffs contend that they "should be allowed to introduce evidence of the plaintiffs' full work experience at the EPA" because the "decision makers here did not make their decisions in a vacuum" (Pls.' Resp. at 2).

In certain regards, both parties are correct. The defendant is correct that facts about the candidates that were not within the knowledge of the decision makers would not shed light on their motivation in making the promotion decisions. On the other hand, plaintiffs are entitled to explore thoroughly the information the decision makers knew about in reaching their decisions, irrespective of whether that information was attached to or contained in the applications or specifically mentioned during the interviews. Thus, documents concerning an applicant's work experience (including commendations, awards, performance reviews and other similar evidence) that were not specifically made a part of the application or interview process may be admissible if plaintiffs can establish that the decision makers had personal knowledge of such evidence before or during the promotion and selection process (a point that defendant concedes, *see* Def.'s Reply at 1), or if the plaintiffs can establish some other theory of relevance.

Accordingly, the Court will grant the motion in limine as to any commendations (and similar documents) that were not submitted with the applications or referred to in the interview process, and for which plaintiffs fail to make a showing of relevance. The identity of which documents fall within that category, of course, will have to await the trial.

## III.

Plaintiffs have filed a motion in limine to limit expert analysis to data properly disclosed [doc. # 87-1]. We set forth the relevant discovery history in order to place this motion into context.

The plaintiffs in this action allege that they were unlawfully denied promotions within the Environmental Protection Agency ("EPA") on the basis of their race (in the instance of plaintiff Bell and Hill) or national origin (in the case of plaintiffs Assadi and Prasinos). During the course of discovery, plaintiffs served interrogatories and document requests that sought information about the backgrounds of various individuals who had been employed within EPA Region V, Air and Radiation Division from January 1990 to the present (Plaintiffs' First Set of Interrogatories, No. 8; Plaintiffs' First Requests for Production of Documents, No. 19), and persons within that division who were promoted or transferred between January 1995 and the time of the discovery request (Plaintiffs' First Set of Interrogatories, No. 7). There is no dispute that the defendant produced information responsive to these requests, but there were objections raised by plaintiffs concerning the completeness of that production. These disagreements were addressed in a letter dated November 10, 1998 from plaintiffs' trial counsel to defendant's trial counsel (a different attorney than the one presently representing the defendant). After recounting the discovery history, the letter states as follows:

> Nonetheless, as to a relatively small subset of positions and applicants, it appears that some identifying information or documents are either missing or not readily obtainable. *As to such documents and information, we have agreed that for purposes of this case, documents and information that have not been made available as of this time will be treated by both parties as unavailable.*
>
> If I have not accurately stated our agreement, please contact me immediately. Thank you for your cooperation throughout this process.

(emphasis added). Defendant does not assert that its trial counsel at the time responded that the November 10, 1998 letter was inaccurate in reciting the agreement reached.

Shortly thereafter, on November 20, 1998, plaintiffs' expert, Dr. Robert J. LaLonde, submitted a report setting forth his statistical analysis of promotions for GS 13 or GS 14 positions in EPA Region V for the period 1995 through 1998. On December 14, 1998, defendant's expert, Dr. Thomas A. DiPrete, provided his statistical analysis. Each of the experts was then deposed: Dr. LaLonde was deposed on December 21, 1998, and Dr. DiPrete on February 5, 1999.

When performing his statistical analysis, Dr. DiPrete was given access to certain information that the defendant did not produce to plaintiffs prior to the preparation of Dr. LaLonde's report: specifically, information about the educational background and hiring dates of individuals who sought promotions (02/05/99 DiPrete Dep. at 31-32), and certain codes identifying the race of some of the individuals (*Id.* at 29).[1]

Plaintiffs argue that by using this additional information, defendant violated the agreement in the November 10, 1998 letter that "documents and information that have not been made available as of this time will be treated by both parties as unavailable." Plaintiffs claim that by virtue of the breach of this agreement, they have been prejudiced in two ways: *first*, Dr. LaLonde was not able to analyze the additional information when he prepared his report, and *second*, requiring Dr. LaLonde to do so at this time would cause plaintiffs to incur unnecessary additional expense. Defendant does not claim that the November 10, 1998 letter fails to reflect the defendant's agreement that documents and information not made available as of that time would be treated "by both parties

---

[1] Dr. DiPrete indicated that he also received information beyond that provided to plaintiffs concerning certain other promotion contests (02/05/99 DiPrete Dep. at 24), but that he did not use that information in his statistical analysis (*Id.* at 25, 26-27).

as unavailable." Rather, defendant argues – without contradiction by plaintiffs – that the additional information used by Dr. DiPrete was produced to plaintiffs prior to Dr. DiPrete's deposition; that the plaintiffs questioned Dr. DiPrete about that data; and that plaintiffs are not prejudiced because Dr. LaLonde has had ample time to review Dr. DiPrete's analysis and the additional data if he wished to do so. Defendant did not address the plaintiffs' financial prejudice argument (which is not surprising, perhaps, since plaintiffs did not raise it until their reply brief).

In reviewing the foregoing history, the Court is hard pressed to understand why defendant found it so difficult to produce to plaintiffs this information concerning dates of hire and educational background. The defendant answered plaintiffs' discovery requests in writing in January and February of 1998. Defendant does not argue that the information concerning educational background, dates of hire and race was outside the scope of these requests, and would be hard pressed to do so. Yet, by November 10, 1998, after a passage of ten or eleven months, that information still had not been produced. By contrast, defendant was able to produce this information without apparent difficulty to Dr. DiPrete, who was retained in August 1998 (02/05/99 DiPrete Dep. at 6). When Dr. DiPrete asked for this information, defendant was able to provide it to him prior to Dr. DiPrete submitting his report on December 14, 1998.

In light of this background, it is not a complete answer to argue – as does the defendant – that it supplied this additional information when Dr. DiPrete tendered his expert report, as required by Federal Rule of Civil Procedures 26(a)(2). Plaintiffs' point is not that there was a failure to comply with Rule 26(a)(2), but rather that the use of this information by Dr. DiPrete violated the agreement reflected in the November 10, 1998 letter. Based on the material submitted to the Court, we agree

that it does. However, we do not agree with the plaintiffs that the proper remedy is to completely bar Dr. DiPrete from using this information.

The information concerning education history, race and dates of hire may affect the importance, *vel non*, of the raw numbers cited by each expert concerning promotions by race or national origin. We are reluctant to summarily bar information that may aid the truth-seeking function in this case as a sanction for the failure to provide this discovery earlier, absent a showing of unfair prejudice that cannot otherwise be rectified.

Here, any unfair prejudice concerning the merits can be redressed by allowing Dr. LaLonde to consider this information; to revise his report to incorporate it, if he deems it appropriate to do so; or to explain why he considers that information of no importance to his analysis. There is no dispute that the information has been available to plaintiffs, and thus to Dr. LaLonde, since at least February 1999, or more than two and one-half years. Moreover, despite that substantial passage of time, there remains ample opportunity for Dr. LaLonde to consider this information in his analysis, as the trial date in this case is still more than three months away. Thus, the Court finds that the plaintiffs would not suffer any unfair prejudice on the merits from allowing this information to be used in the case.

However, there is an unfair financial prejudice to the plaintiffs that would result from having Dr. LaLonde engage in an analysis of the data that he could have incorporated into his initial analysis, had it been produced in a timely fashion. If Dr. LaLonde engages in a further analysis, which then results in a further deposition of him, that will result in additional costs that could have been avoided had the information been provided in a timely fashion. The agreement reflected in the November 10, 1998 letter seems to have been calculated to avoid that kind of prejudice, by ensuring

that Dr. LaLonde could prepare his statistical analysis without fearing that he would be confronted with a moving evidentiary target.

The Court does not intend (and should not be read as implying) any criticism of defendant's present trial counsel, who was not involved in the discovery issues presented here. But in light of the chain of events here – where plaintiffs timely sought the information, defendant failed to provide it for some ten months, the parties agreed that the information not provided would be deemed unavailable to *any* party in the case, plaintiffs' expert prepared his report, and then defendant provided its expert with missing information that plaintiffs' expert did not have when he prepared his report – the Court finds that it would be unfair to impose on plaintiffs the additional costs Dr. LaLonde reasonably would expend in addressing this information in his report.

Accordingly, the Court provisionally will deny the motion to limit Dr. DiPrete's testimony to information that was produced in discovery to the plaintiffs, on the condition that the defendant agrees to pay the reasonable costs incurred by Dr. LaLonde in reviewing that information, addressing it in his analysis, issuing a revised report, and sitting for deposition (if the defendant wishes to depose him further). The parties are directed to inform the Court during the pre-trial conference on November 26, 2001 whether the defendant will agree to pay those costs. If the defendant chooses not to do so, then the Court will bar any opinions by Dr. DiPrete that utilize dates of hire, educational background or race information that was not produced to plaintiffs during discovery.

## CONCLUSION

For the foregoing reasons, defendant's motion in limine to exclude testimony, evidence or argument regarding back pay [doc. # 66] is DENIED; defendant's motion in limine to exclude

testimony regarding employment recommendations not submitted under the plaintiffs' application for promotion [doc. # 63] is GRANTED, as to any such documents that the plaintiffs fail to establish were known to the decision makers when they made the promotion decision or are relevant on some other basis; and plaintiffs' motion in limine to limit expert analysis to data properly disclosed [doc. # 87-1] is provisionally DENIED.

ENTER:

*Sidney I. Schenkier*

SIDNEY I. SCHENKIER
United States Magistrate Judge

Date: November 13, 2001