Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6349 | **DATE** | 2/4/2003 |
| **CASE TITLE** | Karen Bell, *et al.* vs. U.S. EPA, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** The Clerk of the Court is ordered to enter a judgment awarding defendants' costs in the amount of $6,968.78.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 106 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/4/2003 | |
| JJK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN BELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 97 C 6349 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | Magistrate Judge Schenkier |
| PROTECTION AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In findings of fact and conclusions of law issued on November 27, 2002, this Court entered judgment in favor of the defendants on all pending claims in the case (doc. # 98-99). Presently before the Court is defendants' bill of costs, which originally sought costs in the amount of $9,212.93. Since the original filing, the defendants have reduced their request to $7,648.68, an amount that covers court reporter fees ($5,864.15); copying costs ($97.53); and witness fees related to the presence at trial of Diane Sipe ($1,687.00) (Defs.' Reply at 3).

Plaintiffs do not contest defendants' claim for court reporter fees and copying costs. Their sole objection is to an award of witness fees for Ms. Sipe. Plaintiffs argue that the defendants are not entitled to recover any witness fees at all for Ms. Sipe; in the alternative, plaintiffs argue that if any witness fees are recoverable, they should be limited to $400.00.

For the reasons that follow, we find that the defendants are entitled to be reimbursed for witness fees relating to Ms. Sipe's testimony (but not her presence as the party representative), and we reduce the amount requested to $1,007.10. Accordingly, we award the defendants a total of $6,968.78.

## I.

Plaintiffs' threshold argument is that defendants are not entitled to recover any witness fees for Ms. Sipe's testimony because her deposition was taken in the case and thus "was available to be used at trial in lieu of her live testimony" (Pls.' Resp. to Defs.' Bill of Costs, at 2). We reject this argument. Ms. Sipe was one of the decision makers whose conduct was scrutinized in this case; she clearly was a central witness both to the defense and to the plaintiffs. Indeed, Ms. Sipe was sufficiently important to plaintiffs' case that the plaintiffs elected to call her as an adverse witness and to examine her at length over a two-day period, with the adverse examination covering more than 200 pages of transcript (02/26/02 Trial Tr. 279-483; 02/27/02 Trial Tr. 484-585). We doubt that the plaintiffs would have been satisfied merely to read Ms. Sipe's testimony into the record for their purposes. We see no basis for plaintiffs' criticism of defendants' decision to bring Ms. Sipe to trial to testify in person.

## II.

As stated above, Ms. Sipe testified at trial on February 26 and February 27, 2002, with her testimony concluding at noon on February 27 (02/27/02 Tr. 585). However, the defendants seek witness fees for Ms. Sipe for the period from February 24, 2002 to March 1, 2002, and March 3, 2002 to March 4, 2002. For the time period preceding her trial testimony, defendants argue that it was reasonable for Ms. Sipe to arrive early before trial (which commenced on February 25, 2002) in order to prepare for her testimony and because of uncertainty about when the plaintiffs would seek to call her as an adverse witness. For the period after her testimony concluded at noon on February 27, 2002, defendants argue that they are entitled to receive witness fees for Ms. Sipe

because she acted as the defendants' party representative, and "was a necessary and reasonable part of the defense team" (Defs.' Reply at 2).

Plaintiffs' object to payment of costs attributable to Ms. Sipe's presence as a party representative. That objection is well taken. The plain language of 28 U.S.C. § 1920, which authorizes payment of recoverable costs, speaks only to fees and disbursements for "witnesses." This language does not authorize reimbursement for a person who, once completing the role of a witness, assumes the different role of a corporate representative and becomes a member of the "trial team." Section 1920 does not authorize reimbursement of costs for lawyers, paralegals, secretaries or other members of the trial team – nor for a person who takes on the role of a trial team member after his or her role as a witness is done. Thus, as this Court has held in the past, see *Trammel v. BASF Corp.*, No. 99 C 6897, 2002 WL 59114, *6 (N.D. Ill. Jan. 14, 2002), we agree with the case law holding that costs attributable to a person's appearance as a party representative are not taxable under Section 1920. *See, e.g., Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 154-55 (S.D. Miss. 1994); *Mastrapus v. New York Life Ins. Co.*, 93 F.R.D. 401, 406 (E.D. Mich. 1982).[1]

However, we disagree with the plaintiffs' contention that Ms. Sipe should be treated as a witness only for the discrete period during which she testified on February 26 and 27, 2002. Having Ms. Sipe arrive shortly before trial commenced was reasonable, so that the defendants would have sufficient time to prepare Ms. Sipe for her witness examination. The amount of advance arrival time was reasonable given the scope, duration and the importance of Ms. Sipe's testimony in the case. Moreover, the fact that plaintiffs wished to examine Ms. Sipe adversely required that she be present

---

[1] The only authority cited by the defendants to support their claim for costs for Ms. Sipe's role as party representative (Defs.' Reply at 2) is *Mastrapus*, which squarely holds the "[e]xpenses should not be taxed as costs for Mr. Hahn's appearance in court as the corporate representative." 93 F.R.D. at 406.

3

on the first day of trial irrespective of her role as party representative, in the absence of evidence – and none has been presented to the Court – that plaintiffs told the defendants in advance that Ms. Sipe would not be called for examination until later in the trial. Thus, the Court finds that the defendants may recover witness costs for Ms. Sipe's for the period from February 24 to February 27, 2002. But, we disagree with the defendants' contention that they are entitled to recover Ms. Sipe's costs for the period from February 28 through the balance of trial, as it is clear that by then, she no longer acted as a witness, but as a party representative and a member of the defense trial team.

### III.

We now turn to the question of which of the costs claimed for Ms. Sipe for the period February 24 through February 27, 2002 are recoverable. Reasonable travel, lodging and subsistence expenses are recoverable witness costs. *Trammel*, 2002 WL 59114, * 3 (citing cases). With respect to travel, the amount claimed ($269.80) for round trip airfare between Chicago and Denver, where Ms. Sipe lived, is reasonable and will be awarded.

With respect to accommodations, the defendants seek payment for four nights of (February 24, 25, 26 and 27), at the rate of $178.10 ($155.00 for the room charge, and $23.10 for state and city taxes). The hotel rate is reasonable for accommodations located near downtown Chicago. However, the Court finds that the hotel costs for February 27 were not reasonably necessary to Ms. Sipe's role as a witness: her testimony ended on noon on February 27, which would have afforded her an opportunity to return to Denver later that afternoon or evening without incurring an additional night of expense for lodging in Chicago. The fact that Ms. Sipe remained in Chicago beyond February 27 is attributable to her role as a party representative, and not as a

witness. Accordingly, the Court will award costs for three nights of hotel accommodations at $178.10 a night for a total of $534.30.

With respect to meals, the defendants have failed to provide itemized receipts for most of the meals (although the hotel bill listed two room service charges which appear to be for dinners). However, the amount sought appears to be $46.00 a day for subsistence expenses (the amount Ms. Sipe sought from the Government for meals and incidental expenses), which would appear to be reasonable under 28 U.S.C. § 1821(d)(1) and (2). Accordingly, the Court will award $46.00 for each of the four days (February 24-27, 2002), coming to a total of $184.00.

Finally, the defendants seek additional incidental expenses of $51.40 consisting of expenses for valet and laundry service ($27.90), telephone calls to the Department of Justice ($4.50), taxi ($7.00) and public transportation ($3.00) charges while in Chicago, and parking for Ms. Sipe's vehicle in Denver at the airport ($9.00). The transportation and parking charges are reimbursable under 28 U.S.C. § 1821(c)(3), and will be assessed. In Court's view, to the extent that expenses for valet and laundry service and telephone calls are reimbursable, they are subsumed within the $46.00 per day subsistence allowance and the Court will not add separate amounts for these items.

## CONCLUSION

It is therefore ordered that the Clerk of the Court enter a judgment awarding defendants' costs in the amount of $6,968.78. This award can be broken down into the following categories:

1. Fees of the court reporter ($5,864.15).

2. Exemplification and copying fees ($97.53).

3. Witness fees ($1,007.10).

5

This award represents a $679.90 reduction in the costs requested by defendants, and in the Court's view represents a reasonable sum for the costs associated with the defense of plaintiffs' claims.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: February 4, 2003